IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

GREAT FALLS DIVISION
_____

| | | |
|---|---|---|
| KALYN R. KELSEY, | ) | |
| | ) | |
| Plaintiff, | ) | CV-08-57-GF-SEH-RKS |
| | ) | |
| vs. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, | ) | FINDINGS AND |
| | ) | RECOMMENDATIONS OF |
| | ) | MAGISTRATE JUDGE |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

_____

Plaintiff Kayln R. Kelsey ("Ms. Kelsey") instituted this action to obtain judicial review of the decision of Defendant, Commissioner of Social Security ("Commissioner"), denying her applications for Disability Insurance Benefits (DIB) under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, and Supplemental Security Income (SSI) under Title XVI of the Social Security Act, 42 U.S.C. 1381-1383c.

Jurisdiction vests with this Court pursuant to 42 U.S.C. § 405(g). The undersigned is presiding over this case upon referral of United States District Court Judge Sam E. Haddon parties dated October 27, 2008. (C.D. 6.) Now pending are the parties' cross motions for summary judgment. (C.D. 10 & 13.) With the filing of Plaintiff's reply on February 2, 2009 these motions are considered fully briefed and submitted.

## I. PROCEDURAL BACKGROUND

Ms. Kelsey filed for DIB and SSI on May 8, 2006, alleging an inability to work since December 27, 2005(Tr. 108-119). Her application was denied initially on September 1, 2006, Id. at 83-88. Ms. Kelsey requested a hearing on September 22, 2006, Id. at 89. Her request for reconsideration was denied on January 4, 2007, Id. at 90-94. A request for a hearing was filed on January 8, 2008, Id. at 95. The hearing was held on March 6, 2008, Id. at 24-27. The AJL issued his decision, denying disability and supplemental security insurance benefits, on April 26,

2008, Id. at 9-18. Plaintiff requested a review of the hearing decision to the Appeals Council on May 15, 2008, Id. at 4. The Appeals Council denied review on July 18, 2008, Id. at 1-3, making the ALJ's April 26, 2008 findings the Commissioner's final decision for purposes of judicial review. 20 C.F.R. § 416.1481.

## II. STANDARD OF REVIEW

Review in this case is limited. The Court may set aside the Commissioner's decision only where the decision is not supported by substantial evidence or where the decision is based on legal error. Maounis v. Heckler, 738 F.2d 1032, 1034 (9th Cir. 1984) (citing Delgado v. Heckler, 722 F.2d 570, 572 (9th Cir. 1983)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial evidence has also been described as "more than a mere scintilla" but "less than a preponderance." Desrosiers v. Sec. of Health and Human Servs., 846 F.2d 573, 576 (9th Cir. 1988). This Court may not substitute its own judgment

for that of the Administrative Law Jude.

The District Court must consider the record as a whole, weighing both the evidence that supports and detracts from the Commissioner's conclusion. <u>Green v. Heckler</u>, 803 F.2d 528, 530 (9th Cir. 1986) (citing <u>Jones v. Heckler</u>, 760 F.2d 993, 995 (9th Cir. 1985)). While this Court may not substitute its findings for those of the Commissioner, <u>Palmer v. Celebrezza</u>, 334 F.2d 306, 308 (3rd Cir. 1964), it may reject the findings not supported by the record.

### III. BURDEN OF PROOF

A claimant is disabled for purposes of the Social Security Act if the claimant demonstrates by a preponderance of the evidence that: (1) the claimant has a "medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months," and (2) the impairment or impairments are of such severity that, considering the claimant's age, education and work experience, the claimant is not only unable to

perform previous work, but also cannot "engage in any other kind of substantial gainful work which exists in the national economy." Schneider v. Commr. of Soc. Sec. Admin., 223 F.3d 968, 974 (9th Cir. 2000) (citing 42 U.S.C. §1382(a)(3)(A)-(B)).

In determining whether a claimant is disabled, the Commissioner follows a five-step sequential evaluation process. Corrao v. Shalala, 20 F.3d 943, 946 (9th Cir. 1994) (citing 42 U.S.C. § 1382C(a)(3)). If the Commissioner finds that a claimant is disabled or not disabled at any step in this process, the review process is terminated. Id. at 946. At step one, the claimant must show she is not currently engaged in substantial gainful activity. Id. At step two, the claimant must demonstrate that she has a severe impairment. Id. At step three, the ALJ must determine whether a claimant's impairment meets or equals the criteria of the Listing of Impairments. Step four provides that if the claimant does not have a listed impairment, the claimant must establish a prima facie case of disability by showing an inability

to engage in past work because of the medical impairments.  Id.  If that case is made, at step five the burden shifts to the Commissioner to prove the claimant can engage in other types of substantial gainful work existing in the national economy given the claimant's age, education, work experience and residual functional capacity ("RFC").  Jones, 760 F.2d at 995.

## IV. DISCUSSION

The ALJ held that Ms. Kelsey was not under a disability for the relevant period because she was able to perform her past relevant work as a personal care attendant.  Important in that determination was the ALJ's finding at Tr. 12 et seq. concerning her mental impairments and the ALJ's conclusions about her credibility.  Ms. Kelsey's brief, C.D. 12, p. 18, requests remand or an award of benefits.  She asserts that the ALJ erred in finding that she was not disabled for these specific reasons:

   1. The ALJ disregarded the opinion of the treating physician;

2. The ALJ did not consider all relevant limitations upon Ms. Kelsey's ability to perform substantial gainful activity;

3. The ALJ based his decision upon an improperly limited hypothetical question to the vocational expert.

Those issues will be discussed in order.

### 1. The Treating Physician's Opinions

Ms. Kelsey argues that the ALJ disregarded the opinon of her treating physicians. C.D. 12, p. 7. As she states, the treating physician's first hand observation and treatment gives that person superior knowledge. Winans v. Bowen, 853 F. 2d, 643, 647 (9th Cir. 1987). An ALJ must disclose specific legitimate reasons to disregard a treating physician's opinion; those reasons must be based upon substantial evidence in the record. Murray v. Heckler 722 F.2d 499, 502 (9th Cir. 1983).

Ms. Kelsey recites at length the findings several of her treating physicians made. C.D. 12, pp. 7-16. A review of the transcript citations shows that what

Ms. Kelsey characterizes as opinions might more accurately be described as specific diagnoses.  The ALJ did not disregard these diagnoses.  He noted the diagnoses and referred to them but did not conclude them to be disabling under the legal definition he was required to apply.

The diagnoses derived from the mental health exams Dr. Arpon performed are one area Ms. Kelsey alleges were ignored.  C.D. 12, p. 10.  The ALJ actually considered those diagnoses but found Ms. Kelsey's mental health conditions were not severe enough to meet the legally required criteria.  Tr. p. 12.  The ALJ discussed the mental health findings in detail. He concludes after reviewing the applicable legal standards that those findings do not justify, in combination or singly, a finding of disability.  Tr. p. 13-14.  It does not appear from the record that the ALJ ignored or disregarded the medical findings concerning Ms. Kelsey's mental health.  Rather, it appears that the ALJ considered those findings but did not find that her mental health was affected to the

extent she argues here.  Since it cannot be said that the ALJ ignored the mental health findings, Ms. Kelsey's argument fails given this Court's limited role on review.

The same conclusion applies to the broader argument Ms. Kelsey advances that the ALJ ignored the opinions of the other treating physicians in general. A number of such physicians treated Ms. Kelsey for a variety of conditions.  The ALJ considered the treating physicians' testimony.  He found that some such conditions were severe for the purposes of step 3 of the Corrao 5-step process, Tr. 11-12.  He found others were not.  He went on to determine Ms. Kelsey's Residual Functional Capacity as required by Corrao (where he made his detailed assessment of Ms. Kelsey's mental health evidence), Tr. 12, et seq. and then reached a different conclusion from that evidence than the disability Ms. Kelsey seeks.  Taking Ms. Kelsey's argument as a whole and considering the medical records she cites to support her argument, it cannot be said that the ALJ ignored opinions or that his own

conclusion lacked a basis in substantial evidence. This Court's review ends there. <u>Maounis</u>, supra.

The ALJ's decision was influenced by his conclusion that Ms. Kelsey was not entirely credible in some regards. Tr. 15. An ALJ must make specific findings about credibility adequate to allow a reviewing court to determine whether the credibility ruling was arbitrary or objectively supported. <u>Bunnell v. Sullivan</u>, F.2d 341, 345 (9th Cir. 1991). The ALJ did so here. Tr. 17.

The ALJ did disregard the opinion of one therapist noting that it was not performed by a physician, was an initial evaluation and was based upon Ms. Kelsey's subjective complaints. Tr. 17, 54. See <u>Crane v. Shalala</u>, 76 F.3d 251, 254 (9th Cir. 1996). (ALJ may consider treatment relationship); <u>Lester v. Chater</u>, 81 F.3d 179, 184 (9th Cir. 1996) (ALJ may consider length of treatment); <u>Batson v. Commissioner of Soc. Sec. Admin</u>. 359 F. 3d 1190, 1197 (9th Cir. 2003) (Credibility assessment). These reasons satisfy the <u>Murray v. Heckler</u> test. The ALJ did not err in dis-

regarding the therapist's testimony.

### 2. Consideration of Relevant Limitations

Ms. Kelsey argues that the medical records support her disability rather than the ALJ's conclusion. C.D. 12, p. 14 et. seq.  She cites references in the medical records to support her argument.  However, this Court's review is not de novo.  This Court can not simply examine the record to see whether the Court disagrees or would reach a different conclusion.  If there is no legal error and the decision factually is supported by substantial evidence it must be confirmed.  Maounis v. Heckler, supra.

A transcript review shows that the ALJ did not ignore testimony.  Ms. Kelsey has not shown that he committed legal error. The ALJ considered the evidence, properly, considering and applying the legal standards for assessing treating physician testimony and claimant credibility as described above. The ALJ did not err.

### 3. Hypothetical Question to the Vocational Expert

Finally, Ms. Kelsey objects to the hypothetical

question the ALJ posed to vocational expert Robert Zadow. Tr. 65-73. Although phrased differently, this is really the same argument. Ms. Kelsey objects to the interpretation the ALJ made of the effect of the evidence. Here the objection focuses upon the facts the ALJ found to use in his hypothetical question. The ALJ posed a hypothetical question based on his evidentiary conclusions and ruled upon Mr. Zadow's answers to that hypothetical. Plaintiff posed a different hypothetical, including her interpretation of the facts. Tr. 72. The answer to Plaintiff's hypothetical was favorable to Plaintiff's position. Since the ALJ based the facts of his question, both those included and those excluded, upon substantial evidence, he not err.

## V. CONCLUSION

A review of the transcript and the parties' submissions reveals the ALJ followed the law and his decisions are supported by substantial evidence. For the foregoing reasons,

**IT IS HEREBY RECOMMENDED** that Plaintiff's Motion

for Summary Judgment (Ct.'s Doc. No. 10) be **DENIED.**

**IT IS FURTHER RECOMMENDED** that the Commissioner's Motion for Summary Judgment (Ct.'s Doc. No. 13) be **GRANTED.**

**VI. NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT**

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Findings and Recommendations within ten (10) business days of the date entered as indicated on the Notice of Electronic Filing.  A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made.  The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations.  Failure to timely file written objections may bar a de novo determination by the district judge.

DATED this 30th day of April, 2009.

>   */s/Keith Strong*
>   Keith Strong
>   United States Magistrate Judge